Beattie, J.
In this case, we are asked to decide (1) whether the trial judge erred by denying plaintiff’s request for ruling No. 18, and (2) whether the trial judge erred in denying plaintiff’s motion for a new trial.
The facts necessary to decide these issues are as follows: On May 25, 1985, plaintiff experienced a flash in her eye. She received medical advice telling her to be careful and not hit her head. On May 31,1985, plaintiff parked her car on the west side of Main Street in Springfield. Plaintiff was parked 12 -14 inches from the curb adjacent to a parking meter. When plaintiff returned to her car, she stepped onto a drain cover that was covered with leaves. Plaintiff’s heel pierced the leaves covering the drain and she fell, hitting her head on the corner of her car door. Stunned, she sat in her car for ten minutes and then drove home.
On Sunday, June 2, 1985, plaintiff began to experience a sensation of colored objects in her eye. She immediately sought medical treatment and received certain laser treatments that same day. It was determined that day that plaintiff had a horseshoe tear of the retina. Dr. Robert M. Berger, M.D., examined her that day and expressed the following opinion: “Since the symptoms of flashes and floaters which are significant with regard to vitreous degeneration and/or retinal disease predated the injury she sustained on May 31,1 do not think that there is a causative relationship between the retinal tear and the injury, but that the trauma to her *178 head may have aggravated the predisposition to tear and was the last element necessary to cause the retina to be pulled off in a horseshoe tear.”
Plaintiff subsequently underwent treatment at the Mass. Eye and Ear Infirmary on June 26,1985 to repair the tear.
The trial judge found the plaintiff failed to prove that the accident caused the injury and awarded the plaintiff the sum of $100.00 damages. Although the trial judge found liability on the part of defendant, he went on to find that plaintiffs medical testimony was “very weak,” and failed to establish a causal relationship between the accident and plaintiff’s injury.
(1) Plaintiff appeals the trial court’s denial of request for ruling No. 18, which reads as follows: “18. The evidence requires a finding of a causal relationship between plaintiff’s accident and her eye injury.”
The trial judge denied this request as a request for finding of fact.
Since the trial judge made extensive findings of fact which expressly dealt with the issue of causation, he was not in error by denying plaintiff’s request No. 18, which clearly is a request for a finding of fact as opposed to a request for a ruling of law. It is well settled that this court will not review findings of fact by the trial court.
(2) Plaintiff appeals the denial of her motion for new trial, which basically claims a new trial on the issue of damages on the basis that the medical evidence was uncontradicted by the defendant, and, therefore, must be accepted by the trial judge on the issue of causation.
The Supreme Judicial Court has ruled that it is within the judge’s power, even after ruling favorably as to the expert’s qualifications to testify, to continue to evaluate the witness’s qualifications, assessing the soundness and credibility of the expert’s opinion. Liebovich v. Antonellis, 410 Mass. 568, 573 (1991); Anthony’s Pier Four, Inc. v. HBC Assoc., 411 Mass. 451, 482 (1991).
The factfinder is not bound by a medical expert’s testimony. The testimony can be believed in part or disbelieved in part. Ballam v. Metropolitan Life Ins. Co., 295 Mass. 411, 415 (1936).
The judge is allowed, under Mass. General Hosp. v. Commissioner of Public Welfare, 350 Mass. 712 (1966) and Robinson Contributory Retirement Appeals Board, 20 Mass. App. 634, 488 N.E. 2d 514 (1985), to disbelieve or not accept expert testimony, even if such testimony is “clear, well-documented, and unequivocal” if there is a reasonable basis in the record. In this case the trial judge found the medical testimony “very weak,” in that the doctor himself stated in his medical report that there was no “causative relationship” between the accident and the eye injury.
These obviously contradictory and equivocal statements were more than enough for the judge to have a reasonable basis for determining the evidence was insufficient to establish causation.
The trial court’s finding and decision are affirmed.
Petition dismissed.