Coven, J.
This is an action in tort to recover for injuries the plaintiff claims she sustained when bottles fell on her at a Star Market store. After trial, judgment was entered for the defendant based on the trial judge’s determination that the plaintiff failed to satisfy her burden of proving that the injuries she allegedly sustained were proximately caused by any negligence of the defendant.
The plaintiff filed this appeal pursuant to Dist./Mun. Cts. R. A D. A. 8C. A review of the transcript indicates that on March 27, 1990, at approximately 3:30 P.M., the plaintiff was shopping for baby food at the Star Market in Boston. The plaintiff is 5’4” tall, and alleged that she had to reach to an upper shelf to obtain baby juice. As she removed the juice from the shelf, other juice bottles fell off the shelf and struck her in the wrist, causing her to fall to the ground. The plaintiff claimed that she injured her knee in the fall. She also testified at trial that after she fell, she noticed that the juice bottles in the back of the shelf were in disarray.
The plaintiff’s complaint alleges that: (1) bottles, which were negligently and improperly placed on the shelf by the defendant, fell on her which caused her to lose her balance; (2) the defendant negligently failed to maintain the premises in a safe condition; and (3) such negligence was the proximate cause of the plaintiff’s fall and resulting injuries.
The trial judge ruled that the defendant did owe the plaintiff a duty of reasonable care and would be liable for any negligent acts by the defendant’s employees. The trial judge found, however, that although the plaintiff reached for merchandise and the merchandise fell, the falling merchandise was not the cause of the plaintiff’s knee injury. The court also held that there was no negligence by the defendant and that the doctrine of res ipsa loquitur was inapplicable. Having found that the defendant was not negligent, the trial judge did not reach the issue of the plaintiff’s comparative negligence.
1. The plaintiff’s initial contention is that the trial court’s responses to plaintiff’s requests for findings of fact numbers 7 and 8 were inconsistent. The trial court made the following disposition of these requests:
7. Plaintiff reached for and obtained a bottle of baby juice from a shelf. Upon removal of that bottle, a number of other bottles fell from the shelf.
ALLOWED.
8. The falling bottles struck the plaintiff on the wrist and fell to the floor. She lost her balance. The plaintiff twisted her right knee injuring it.
THIS IS WHAT PLAINTIFF TESTIFIED TO AND THERE WERE NO
*84 OTHER WITNESSES. I DO NOT FIND THIS TO BE SO.
There was no inconsistency in the court’s findings. The trial judge could have reasonably found that the bottles did in fact fall from the shelf, but that the plaintiff did not twist and injure her right knee. Such determinations were for die trial judge who heard the testimony of the plaintiff, the only witness in the case, and who had the exclusive opportunity to assess the credibility of that witness. Seder v. Gibbs, 333 Mass. 445, 446 (1956); Kerlinsky v. Springfield, 1994 Mass. App. Div. 177, 178. Findings of fact based on a trial judge’s assessment of the weight and credibility of oral testimony will not be disturbed on appeal unless they are unsupported by any evidence in the record. Chapman v. University of Massachusetts Medical Center, 417 Mass. 104, 110 (1994).
2. The plaintiff next complains of the trial judge’s finding and ruling that the defendant was not negligent. Contrary to the plaintiff’s contention, however, there was no error in the trial judge’s denial of either plaintiffs request number 16, that “ [t] he placement of the jars on the shelf in an unsecured state and stacked insecurely by the defendant’s employees can be inferred ...,” or request number 17, that tiie plaintiff was entitled to judgment based on the doctrine of res ipsa loqui-tur.
It is axiomatic that the plaintiff bears the burden of proving all of the elements of negligence, including that the damage was caused by a breach of a legal duty owed to the plaintiff, and that her injuries resulted from an act of negligence for which the defendant is liable. Howard v. Lowell Coca-Cola Bottling Co., 322 Mass. 456, 458 (1948).
The trial judge specifically declined to infer that the jars on the shelf were stacked insecurely by the defendant’s employees, and ruled that the plaintiff failed to sustain her burden on this issue of negligence. The court’s finding that the jars fell from the shelf did not, per se, require a finding of negligence on the part of the defendant. The trial judge’s determination that the jars falling was not the result of any action or inaction by the defendant or its employees was permissible on the basis of the trial court record. Gilhooley v. Star Market Co., 400 Mass. 205, 208 (1987).
Similarly, the doctrine of res ipsa loquitur applies only where the plaintiff has proven that: “(1) the accident which caused the injury is the kind of occurrence which usually does not happen in the absence of negligence by the defendant; and (2) that the instrumentality had not been improperly handled by [the defendant] or by intermediate handlers.” Coyne v. John S. Tilley Co., 2 Mass. App. Ct. 641, 644 (1974), quoting from Evangelio v. Metropolitan Bottling Co., 339 Mass. 177, 180 (1959). With respect to the second factor, the plaintiff bears the burden of showing that the cause of the accident was in the sole and exclusive control and management of the defendant. Wilson v. Honeywell, Inc., 409 Mass. 803, 805 (1991); Goldberg v. F. W. Woolworth Co., 1992 Mass. App. Div. 230, 232.
In this case, the trial judge properly determined that the plaintiff failed to satisfy her burden of demonstrating that bottles falling from a shelf is the kind of occurrence which ordinarily would not happen in the absence of negligence by the supermarket, that the bottles on the shelf had not been moved or improperly placed by third parties, including other customers, or that the defendant had exclusive control over the shelf. The trial judge’s findings of fact on these issues are not unsupported by the evidence contained in the record. It cannot be said, therefore, that the trial judge erred as a matter of law in determining that the plaintiff had failed to meet her burden either on the elements of negligence or res ipsa loquitur.
The appeal is dismissed.