Coven, J.
This is an action in negligence to recover for injuries sustained by the plaintiff in a fall in the defendant’s supermarket. Summary judgment was entered for the defendant, and the plaintiff has appealed pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C.
Viewing the parties’ summary judgment materials in the light most favorable to the plaintiff, Bisson v. Eck, 430 Mass. 406, 407 (1999); Harte v. Dartmouth, 45 Mass. App. Ct. 779, 780 n.2 (1998), the record indicates the following: The plaintiff was a customer at the defendant’s supermarket on May 25,1996. As she was proceeding into the produce department, she noticed “debris” on the floor which consisted of “bits and pieces of broken flowers,” or “broken pieces of petals, stems, wet debris” or “small amounts, a very small amount of maybe a stem and maybe a broken flower... scattered here and there.” A plant or plants for sale were located under a produce counter. The plaintiff determined that she could walk around the debris, and did so. However, as she continued toward the corn counter and reached for the product, she slipped and fell, suffering injuries to her right big toe, right hand middle finger and right knee.
The plaintiff declined to fill out a store report, and finished her shopping. She was able to leave the store unaided and drive herself home. Two weeks after the incident, she submitted a letter to the defendant which stated that there were broken pieces of flowers, petals and leaves which, in her opinion, had fallen from plants displayed on the produce department floor. In answers to interrogatories propounded by the defendant in 1999, she described “wet plant material, dead leaves, dead flowers... [which] appeared to have been walked upon and there for a while.”
1. There was no error in the allowance of the defendant’s Mass. R. Civ. P. 56 *138 motion. While it is often stated that summary judgment is disfavored in negligence actions because of the inherently factual nature of the dispositive issues, see Luz v. Stop & Shop, Inc. of Peabody, 348 Mass. 198, 203 (1964); Inferrera v. Sudbury, 31 Mass. App. Ct. 96, 102-103 (1991); Demirgian v. Star Market Co., 1994 Mass. App. Div. 75, 77, summary judgment is indeed appropriate where the evidence advanced by the plaintiff is insufficient to permit a finding of negligence. Hall v. Waltham Post No. 156, 1998 Mass. 276, 277, citing McNamara v. Massachusetts Port Auth., 30 Mass. App. Ct. 716, 718 n.3 (1991). In the instant case, the plaintiff established only the existence of one or more wet plant pieces of unspecified size on the floor of the defendant’s supermarket. She advanced no evidence warranting a trial on the merits on the critical question of whether the described floor condition resulted from any negligent act or omission of the defendant’s. See, e.g., Welch v. Angelo’s Supermarket, Inc., 27 Mass. App. Ct. 1106 (1989) (evidence of wet-appearing vegetable matter on supermarket floor in produce department insufficient to defeat summary judgment absent evidence of defendant’s negligent failure to discover and remedy same). Even when viewed with “appropriate indulgence" in the plaintiffs favor, Castillo v. Massachusetts Gen. Hosp., 38 Mass. App. Ct. 513, 516 (1995), the Rule 56 materials herein demonstrate that the plaintiff has “no reasonable expectation” of establishing an essential element of her negligence claim, and that summary judgment was thus properly entered for the defendant. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). See also Santos v. K-Mart Stores, Inc., 1996 Mass. App. Div. 37, 37-38.
2. Familiar legal principles govern the plaintiffs claim. The defendant was obligated to maintain its business premises “in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.” Barry v. Beverly Enterprises-Mass., Inc., 418 Mass. 590, 592-593 (1994). See also Draper v. Kids “R” Us, 1996 Mass. App. Div. 27, 28. This duty of ordinary care did not, however, require the defendant “to supply a place of maximum safety....” Toubiana v. Priestly, 402 Mass. 84, 88 (1988).
The defendant owed to customers a duty to keep the premises reasonably safe for their use. He, however, is not an insurer of safety. Where, without action for which he is responsible, a dangerous condition arises, the law allows him reasonable opportunity to become informed of the danger and to take measures to remedy it. He is not liable, in such a case, unless he is negligent in failing to inform himself and to take appropriate action.
Gallagher v. Stop & Shop, Inc., 332 Mass. 560, 563 (1955), quoting from White v. Mugar, 280 Mass. 73, 75 (1932). Thus the defendant could not be held liable herein for a breach of its duty unless the plaintiff proved by a preponderance of the evidence that her injuries were proximately caused by an unsafe condition which the defendant created, had actual knowledge of, or should have discovered and corrected in the exercise of reasonable care. Oliver v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973); Goldberg v. F.W. Woolworth Co., 1992 Mass. App. Div. 230, 231.
Assuming arguendo that the plaintiff herein actually slipped on a broken plant piece,[1] the record is devoid of any evidence that the material was placed on the floor by the defendant or its employees. Contrast Heina v. Broadway Fruit Market, *139 Inc., 304 Mass. 608, 610 (1939) (lettuce leaves in front of vegetable counter upon which plaintiff slipped had been thrown on floor by clerks setting up lettuce display); Jennings v. First Nat’l Stores, 295 Mass. 117, 118-119 (1936) (grapes and leaves dropped on floor by defendant’s employees carrying crates into market). The plaintiff argues that the defendant did create the unsafe condition when its employees either negligently placed newly watered plants on the floor of the market, or watered plants already on the floor without protective mats, container trays or warning signs. The argument is purely conjectural. The plants were not on the market floor in the path of customers, but displayed under the produce counters. No reasonable inference can be drawn that it was negligent to display wet or watered plants because leaves, stems or petals are more likely to break off from wet plants as opposed to dry ones. There is also no direct evidence to support the plaintiffs supposition that the plants were watered just before her fall, or any indication of a puddle, appreciable accumulation or even film of water coming from or near the plants consistent with some kind of recent, negligent watering. In short, the plaintiff has advanced no evidence to suggest a greater likelihood that the plant pieces broke off and were on the floor because of some action of the defendant’s employees rather than of other customers in, e.g., placing the plants into shopping carts or carrying them from the produce department to the cashiers.
There is also no suggestion in the record that any employee had actual knowledge of the condition of the floor prior to the plaintiffs mishap. Under such circumstances, it became incumbent upon the plaintiff to advance specific facts indicating that the plant materials had been on the floor for a sufficient period of time to have afforded the defendant a reasonable opportunity to discover and remove them. There was, however, no direct evidence as to the duration of the floor condition. Contrast, e.g., White v. Mugar, supra at 74-75. No information was offered as to the proximity of the defendant’s employees to the location of her fall which might have permitted an inference of a reasonable opportunity to have discovered the plant pieces in the ordinary performance of their duties. See generally Deagle v. Great Atlantic & Pac. Tea Co., 343 Mass. 263, 265 (1961); Kirmes v. Stop & Shop Cos., 1992 Mass. App. Div. 196, 198. Equally absent was any suggestion of a substantial pile of plant debris or sizeable accumulation of water, see Correira v. Atlantic Amusement Co., 302 Mass. 81, 82 (1939), probative of the length of time the condition could have continued. Standing alone, the plaintiffs description of “wetness,” or any characterization of a floor as simply wet and slippery, is insufficient to permit any inference as to time. Pettie v. Stop & Shop Supermarket Co., 1996 Mass. App. Div. 41, 43. Finally, there is nothing in the plaintiffs various descriptions of the plant leaves and petals as “wet,” “broken” or “dead” which could be considered relevant to the time question. See discussion in Oliveri v. Massachusetts Bay Transp. Auth., supra at 168. Her conclusory assertion in answers to interrogatories that the plant pieces “appeared to have been walked upon and there for a while” was insufficient. See Kelleher v. Dini’s, Inc., 331 Mass. 217, 218 (1954).
The trial court’s entry of summary judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

 In her deposition testimony, the plaintiff indicated only that she suddenly slipped and fell in front of the corn counter. She noticed “wetness” and “leaves” in that particular spot only after her fall.