Hely, J.
*133 A. Introduction and Facts
Arbella Mutual Insurance Co. has moved for summary judgment on coverage questions involving a no-consent-by-owner exclusion and the optional and compulsory bodily injury liability coverages in a motor vehicle insurance policy. The facts material to the coverage issues are not in dispute. Arbella is correct on the optional coverage and mistaken on the. compulsory coverage. Partial summary judgment will be ordered.
Dennise J. Messier was killed in á three-car accident. One of the cars that is alleged to have caused the accident was a rented Mercury driven by Charles A. Hall. Lillian Cox had rented this Mercury from Hertz. The rental agreement signed by Ms. Cox did not permit anyone other than her to drive the car. Ms. Cox nevertheless had given Mr. Hall permission to drive the rented car at the time of the accident.
As the administrator of Dennise J. Messier’s estate, Richard Messier has filed an amended complaint alleging negligence by Mr. Hall, Ms. Cox and two other defendants and a violation of G.L.c. 93A by Arbella. Arbella is involved in the case only because it had issued a motor vehicle insurance policy to Ms. Cox for a separate car that was out of service at the time she rented the Hertz car.
B. Part 5 Optional Bodily Injury Coverage
Under Vergato v. Commercial Union Insurance Co., 50 Mass.App.Ct. 824 (2001), Arbella has no duty to indemnify Charles A. Hall or Lillian Cox under Part 5 Optional Insurance — Optional Bodily Injury to Others of the Arbella policy. The pertinent exclusion in Part 5 states: “Also like the Compulsory Part, this Part does not pay for the benefit of anyone using an auto without the consent of the owner.” Under Vergato, Hertz is the owner of the Mercury for purposes of this exclusion. The use of the rented car with Mr. Hall driving was a use by Mr. Hall and Ms. Cox that was “without the consent of the owner.” Arbella has no duty to pay claims by Richard Messier under Part 5 of the Arbella policy based on the alleged negligence of Charles A. Hall and Lillian Cox.
C. Part 1 Compulsory Bodily Injury Coverage
With respect to Part 1, Compulsory Insurance— Bodily Injury to Others, however, Arbella must provide coverage for Charles A. Hall and Lillian Cox up to the Part 1 coverage limit. Arbella is required to pay under Part 1 “if you or someone else using your auto with your consent is legally responsible for the accident.” Arbella has conceded for this motion that the Mercury rented by Ms. Cox as a substitute for her regular vehicle meets the policy definition of “your auto.” Under the policy’s definition of “your,” the phrase “your consent” in Part 1 means the consent of Ms. Cox, the named insured on the coverage selection page. In contrast with the situation in Hanover Insurance Co. v. Locke, 35 Mass.App.Ct. 679, 680 (1993), it is undisputed that Ms. Cox consented to Mr. Hall’s use of the rented Mercury.
The Vergato case does not discuss or affect the Part 1 compulsory bodily injury coverage. Mr. Messier’s memorandum is correct regarding the Part 1 compulsory coverage. Part 1 does not contain the no-consent-by-owner exclusion contained in Part 5.
It is true that the Part 5 exclusion language says that the exclusion is “like the Compulsoiy Part." The policy must be construed according to “the fair meaning of the language used, as applied to the subject matter.” Gordon v. Safety Insurance Co., 417 Mass. 687, 689 (1994). The “like the Compulsory Part” language in the Part 5 exclusion is an insufficient basis for reading into Part 1 a no-consent-by-owner exclusion that is not contained in Part 1. The court would reach this conclusion based on the policy language even without the support of G.L.c. 90, §32E.
Mr. Messier’s memorandum is also correct that G.L.c. 90, §32E, supports the application of the Part 1 compulsory coverage. That section states in part: “Operation of such [leased] vehicle by any person permitted or suffered by the lessee to operate the same in violation of this section shall nevertheless be deemed to be with the express or implied consent of the lessor for the purposes of sections thirty-four A to thirty-four J, inclusive.” G.L.c. 90, §§34A, 34B, 34J and 1A, are the sections that make the compulsory bodily injury coverage compulsory. For purposes of the compulsory coverage only, under G.L.c. 90, §32E, Mr. Hall’s operation of the rented car with Ms. Cox’s consent is deemed as a matter of law to be with the consent of the lessor. Arbella must indemnify Mr. Hall and Ms. Cox under the Part 1 compulsory bodily injury coverage up to the limit of that coverage.
D. Order
Partial summary judgment is ordered in the form of a declaratory judgment declaring as follows:
(1) On Arbella’s cross-claims against Charles A. Hall and Lillian Cox: Arbella has a duty to indemnify Charles A. Hall and Lillian Cox under the Part 1 compulsory bodily injury coverage of the Arbella policy; Arbella has no duty to indemnify Charles A. Hall or Lillian Cox under the Part 5 optional bodily injury coverage.
(2) On the claim of Richard Messier against Arbella and the counterclaim of Arbella against Richard Messier: Arbella has a duty to indemnify Charles A. Hall and Lillian Cox under the Part 1 compulsory bodily injury coverage of the Arbella policy; Arbella has no duty to indemnify Charles A. Hall or Lillian Cox under the Part 5 optional bodily injury coverage.
The parties are bound by the rulings stated in this Memorandum of Decision and Order, but it is premature for any judgment to enter at this time.