Curtin, J.
This is a negligence action to recover for personal injuries allegedly sustained by the plaintiff in a fall in the defendants supermarket Summary judgment was entered for the defendant and the plaintiff filed this Dist/Mun. Cts. R A. D. A., Rule 8C, appeal
Viewed in the light most favorable to the plaintiff, Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001); Vergato v. Commercial Union Ins. Co., 50 Mass. App. Ct. 824, 826 (2001), the parties’ summary judgment materials indicate the following: The accident in question occurred on December 23, 1995. The plaintiff then an employee of the defendants, completed her work shift did some grocery shopping and proceeded down aisle 8 to the cash registers. The plaintiff slipped and fell about halfway down the aisle, twisting her ankle.[1] After her fall, the plaintiff noticed crushed green grapes on the floor which were dirty, wet and slippery, with shoe prints in them. The grapes did not cover the entire aisle, but were located primarily in the area where the plaintiff fell. The plaintiff did not see the grapes before she fell, and could not remember how many grapes were on the floor. Further, she did not know how the grapes came to be in the aisle, how long the grapes had been there, or whethér any of the defendant’s employees were aware of the grapes prior to her fait *160 Aisle 8 is located approximately six aisles away from the defendant’s produce department where grapes are displayed for sale.
The defendant indicated in deposition testimony and answers to interrogatories that there are generally three “porters” on duty during the afternoon work shift who are responsible for garbage disposal, shelf dusting and aisle inspection and cleaning, including removal of any spills; and that the first porter is usually assigned to the produce, seafood and deli sections of the supermarket, the second to the entire front-end register area of the store, and the third to the remaining grocery aisles. The defendant also stated that any of the 35 to 40 additional store clerks on duty during any shift substitute as porters if the need arises, and are responsible, inter alia, for continuous inspection of market aisles. The plaintiff testified in deposition that at the time of her accident, she saw only one porter on duty in the supermarket In a subsequent affidavit filed in opposition to the defendants Mass. R. Civ. R, Rule 56, motion, the plaintiff stated as a fact that there was only one porter at the time in question, and that he was assigned to the front of the store. The defendant objected to the inconsistent affidavit, and the court ruled at the summary judgment hearing that the affidavit would not be considered.
1. The plaintiff could recover on her negligence claim only if she established, by a preponderance of the evidence, that her fall was proximately caused by a dangerous condition on the defendant’s premises “which the defendant created, had actual knowledge of, or should have discovered and corrected in the exerdse of reasonable care.” Muse v. Foodmaster Super Market, 2000 Mass. App. Div. 137, 138. See also Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973); Potter v. Stop & Shop Supermarket Co., 50 Mass. App. Ct. 1110 (2000). Assuming arguendo that the plaintiff actually slipped on the grapes she did not see until after her fall,[2] the plaintiff has advanced no evidence that the defendant’s employees dropped or placed the grapes in aisle 8, or were in any way aware of their existence prior to the plaintiffs mishap. In the absence of such evidence, the plaintiff was obligated to demonstrate that the grapes had been on the floor for a suffident period of time to have permitted the defendant, in the exerdse of ordinary care, to discover and remove them before her fell. “Liability will only attach if the plaintiff establishes by a preponderance of the evidence that the foreign substance was there long enough that the defendantss employees should have seen it and cleaned it up.” Thurlow v. Shaw’s Supermarkets, Inc., 49 Mass. App. Ct. 175, 176-177 (2000).
The record is devoid of any direct evidence of the duration of the alleged unsafe condition. As to circumstantial proof, the plaintiffs description of the grapes as “dirty, wet and slippery” with “many shoe imprints” in them fell well short of establishing the length of time the grapes had been on the floor. See, e.g., Kelleher v. Dini’s, Inc., 331 Mass. 217 (1954) (description of dirty, faded, “stepped-on” material resembling carrot held insufficient proof of length of time); Uchman v. Polish Nat. Home, Inc., 330 Mass. 563 (1953) (description of black, rotten banana peel held insufficient); Mandigo v. Hamid Amusement Co., 317 Mass. 225 (1944) (black, dirty, dark clot of candy and paper with foot prints insufficient); Wyman v. McLellan Stores Co., 315 Mass. 117 (1943) (dark, crushed, ragged, dirty pea pod insufficient); Newell v. William Filene’s Sons Co., 296 Mass. 489 (1937) (black, dirty, gritty half orange with heel marks insufficient). The plaintiffs description fails to suggest a greater *161 likelihood that the grapes remained in the aisle for an appreciable period of time sufficient to have permitted their discovery and removal by the defendants employees, rather than having been dropped and stepped on by another customer or customers only moments earlier and then stepped on and crushed by the plaintiff in the course of her fall. In short, file evidence as to length of time remained conjectural.
2. The plaintiff contends that in addition to her description of the condition of grapes, their location in an area of the supermarket routinely inspected by the defendants employees establishes the defendants negligence in failing to remove them. There was no evidence, however, that any employee was specifically assigned to aisle 8,[3] or was in that aisle priorto, or at the time of, the plaintiff’s accident The one porter observed by file plaintiff on the day in question was working in the front of the store and would not have had an opportunity to see anything in aisle 8. This is not a case where the proximity of the defendants employees to the location of the foreign substance warranted a reasonable inference that the employees should have discovered the substance before any accident occurred. Compare Gallagher v. Stop & Shop, Inc., 332 Mass. 560 (1955) (melted ice cream at exit door near work area of several employees and through which all customers and employees had to pass); Connair v. J.H. Beattie Co., 298 Mass. 550 (1937) (dusty vegetable matter on floor within plain sight of three clerks working behind counter which faced debris); Anjou v. Boston Elev. Ry. Co., supra (plaintiff injured while following defendants employee who led her along narrow platform where dirty, blackened banana peel was located); Wallace v. Building 19, Inc., 1996 Mass. App. Div. 8 (foreign substance within three to five steps of check-out counter and clearly visible to cashiers).
Further, as the evidence renders it equally probable that the grapes remained on the floor for a significant time or were dropped only moments before the plaintiffs accident, the fact that there were 35 to 40 employees working throughout the store who were responsible for the continuous inspection of all supermarket areas and aisles does not establish that the grapes in aisle 8 should or could have been discovered in time to prevent the plaintiffs fall. The result is the same even if it is assumed that only one porter was on duty instead of the customary three.[4] A third porter assigned to the grocery section would have been covering at least a dozen supermarket aisles. Any assertion that such a porter would have had a reasonable opportunity to locate and remove the grapes before the incident in question is pure conjecture in the absence of evidence as to the amount of time involved.
As the plaintiff had “no reasonable expectation” of establishing an essential element of her negligence claim, the defendants summary judgment motion was properly allowed. Kouravacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Appeal dismissed.
So ordered.

 The record is devoid of any further description of an injury or injuries sustained by the plaintiff Neither party has argued the issue.

 The plaintiff was not pushing a shopping cart in front of her, which might have obstructed her view of the aisle, but was instead carrying a hand-held shopping basket Nor would it appear that her attention was focused on merchandise rather than the floor in front of her. As noted, the plaintiff had completed her shopping and was proceeding down aisle 8 to reach the cash registers. Despite these facts, the plaintiff did not observe, and could not later quantify, the grapes which she described at one point as scattered across the aisle.

 Compare, e.g., Anjou v. Boston Elev. Ry. Co., 208 Mass. 273 (1911) (employee designated to inspect and remove unsafe material from narrow platform where plaintiff slipped on blackened banana peel).

 The plaintiffs averment that only one porter was working was not based on personal knowledge or information, Dattoli v. Hale Hosp., 400 Mass. 175, 178 (1987), and could have been properly disregarded by the motion judge as inadmissible hearsay. Symmons v. O’Keeffe, 419 Mass. 288, 295 (1995); TLT Constr. Corp. v. A. Anthony Tappe & Assoc., Inc., 48 Mass. App. Ct. 1, 11-12 (1999). As the averment was insufficient to establish a genuine issue of material fact requiring a trial on the merits, it was irrelevant