Murphy, J.
The parties in this consolidated action dispute the ownership of a 21-acre parcel in Douglas, Massachusetts. The plaintiff, Douglas Land Corporation (“Douglas”), asserts it owns the entire parcel, while co-defendants Gordon L. and Jean C. Bliss (collectively the “Blisses”), Irene Ravanais (“Ravanais”), the Northbridge Mass. Congregation of Jehovah’s Witnesses, Inc. (the “Congregation”) and the Town of Douglas all claim at least a portion of the disputed property.
The Blisses initiated a third-party action against Bay State Abstract Co., Inc. (“Bay State”) claiming Bay State is liable to them for negligently certifying that they owned the disputed parcel. The matter is before the Court on Bay State’s motion for summary judgment in the third-party action. For the reasons detailed below, Bay State’s motion for summary judgment is ALLOWED.
BACKGROUND
In 1978, the Blisses bought three parcels of land from Jonas Racicot. Two of these parcels, totaling 174 acres, may contain the disputed 21 acres. The Blisses engaged Bay State to examine title and certify that they had clear, marketable title to the entire 174 acres. Bay State certified that the Blisses had good title on February 22, 1978. The Certification stated that “record title appeared to be” in the Blisses’ name. However, the first typewritten paragraph of the Certification, under the heading “Encumbrances," contains the following disclaimer:
No survey of record to establish description of locus. Description very general; recommend survey. NOTE: We can not certify as to locus quantity of land.
Bay State contends that this language limits its liability here because it served to put the Blisses on notice of the fact that Bay State was unsure of the exact boundaries of the property, and was only certifying that a clear chain of title ran to Mr. Racicot and from him to the Blisses. Bay State points out that the Blisses are not claiming damage arising out of Bay State’s failure to find record encumbrances, but rather because it failed to certify the boundaries. The disputed 21 acres are arguably subject to a second chain *654 of title and disputes over ownership arose as the Blisses began to sell portions of the 174 acres in the mid 1980s.
DISCUSSION
Summary judgment is granted where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter. NG Brothers Construction, Inc. v. Cranney, 436 Mass. 638, 643-44 (2002). The moving party bears the burden of affirmatively demonstrating that there are no triable issues of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Even in cases where factual disputes exist, summary judgment is “still available if the party with the burden of proof at trial fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a funding in its favor.” NG Brothers Construction, Inc., 436 Mass. at 644, citing White v. University of Mass. at Boston, 410 Mass. 553, 557 (1991). Under those circumstances, a trial would not serve any useful purpose and summary judgment may enter. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 715 (1991).
The Court may interpret Bay State’s title certification as a matter of law. See Freelander v. G&K Realty Corp., 357 Mass. 512, 516 (1970). In doing so, a court employs traditional methods of interpretation used in construing any agreement. Thus, unambiguous language is given its plain and ordinary meaning. Cody v. Connecticut General Life Insurance Co., 387 Mass. 142, 146 (1982). Additionally, the agreement will be read in a reasonable practical way consistent with its language, background and purpose. Vergato v. Commercial Union Insurance Co., 50 Mass.App.Ct. 824, 826 (2001).
The unambiguous language of the title certification in question denotes that Bay State does not know where the affected land is located or how much land is involved, because locus was never properly surveyed or described. Without an accurate description or survey, Bay State was unwilling to do more than state that there was a clear chain of title to the property. The clear language of the cited disclaimer underscores that Bay State’s Certification was restricted to an affirmation that the Blisses had an ownership interest in the property derived from a particular chain of title.
Lastly, the Blisses contend Bay State’s Certification has no value if limited in this manner. While the Certification is demonstrably of a lesser value than the Blisses had hoped, it adds value in assuring the Blisses they had a valid ownership interest derived from a clear chain of prior title claiming ownership to the disputed parcel. Stated another way, the Certification assured the Blisses of a lawfully defensible position in controversies such as the one which gave rise to this suit. While the Court fully understands that this “value” is much less than the Blisses had hoped for when they sought out Bay State’s services, Bay State was forthright in pointing out the conflicting claims to locus through the inescapably plain meaning of its disclaimer. “No survey . . . Recommend survey” in particular highlights the necessarily narrow parameter of the Certification.
ORDER
For the foregoing reasons, third-party defendant Bay State Abstract Company, Inc.’s motion for summary judgment is ALLOWED.