Hely, J.
A.Introduction
The plaintiff-lessor is entitled to partial summary judgment. In the case of a leased automobile where the lessor has been identified on the coverage selections page as the lessor and as an additional insured, the lessee’s false statement and failure to cooperate with the insurer does not affect the insurer’s obligation to pay the lessor for damage to the vehicle under the collision coverage.
B.Discussion
It is undisputed that the plaintiff was the lessor, owner and title holder regarding the damaged vehicle. In accordance with the vehicle lease, the lessee, Douglas E. Montgomery, obtained from Commerce a standard Massachusetts automobile insurance policy. Also in accordance with the lease, the lessee and the insurance agency identified the plaintiff “GE CAP LSE” in Item 6 of the coverage selections page of the policy as a “Secured Lender/Lessor Additional Insured, if Rented Auto.” This item in the coverage selections page also gave the plaintiffs address. The lessor thus became a named additional insured under the policy.
The vehicle was damaged in a collision and taken to a storage yard. The plaintiff-lessor was not notified of this by Mr. Montgomery or by Commerce for about two years. The collision and the extended storage charges have resulted in a near-total loss of the value of the vehicle to the lessor. There is evidence that Mr. Montgomery breached the cooperation requirement of the policy by making a false material statement, namely a false claim that the vehicle had been stolen prior to the accident. Commerce has relied on the evidence of Mr. Montgomery’s noncooperation and false statement as a basis for denying coverage to both Mr. Montgomery and to the plaintiff-lessor.
The policy provides that a “secured lender’s right of payment will not be invalidated by your [the primary insured’s] acts of neglect except that we will not pay if the loss or damage to your auto is the result of conversion, embezzlement, or secretion by you or any household member.” Policy, page 27-28, par. 13, “Secured Lenders.” A secured lender also will not be paid if the damage is the result of arson, theft or other means of disposal committed by the primary insured. Id. Commerce does not contend that the properly damage to the vehicle in this case was caused by conversion, embezzlement or secretion, arson, theft or other disposal of the vehicle.
The plaintiff-lessor’s rights as the lessor and a named additional insured under the policy are at least as good as the rights of an identified secured lender. This conclusion is required by a fair reading of the policy as a whole considering the primary purposes of the policy. The object of the court “is to construe the contract as a whole, in a reasonable and practical way, consistent with its language, background, and purpose.” Veragato v. Commercial Union Insurance Co., 50 Mass.App.Ct. 824, 826 (2001). The court concludes as a matter of law that the lessee’s false statement and failure to cooperate with the insurer does not affect the insurer’s obligation to pay the vehicle’s lessor for damage to the vehicle under the collision coverage where the lessor has been identified on the coverage selections page as the lessor and as an additional insured. See Lumberman’s Mutual Casualty Co. v. Hanover Insurance Co., 38 Mass.App.Ct. 53, 55 (1995). The plaintiff-lessor is entitled to judgment as a matter of law on its contract claim against Commerce under the collision coverage.
There is an insufficient basis at present for resolving the plaintiffs Chapter 93A claim against Commerce. At the motion hearing counsel for the plaintiff and for Commerce suggested that they would be able to settle the damages and other remaining issues between them if the court determined the coverage question in the plaintiffs favor.
C.Order
The plaintiffs motion for summary judgment is allowed against Commerce Insurance Co. on liability under Count II, the breach of contract claim in the Amended Complaint.